UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **TIMOTHY COX** ) | |
| 600 H Street, N.E., ) | |
| Apt # 443 ) | **Case No.:** |
| Washington D.C. 20002 ) | |
| ) | **JURY DEMAND** |
| **And** ) | |
| ) | |
| **JOHN DAVIS** ) | |
| 920 19th Street, N.E., ) | |
| # 3 ) | |
| Washington D.C. 20002 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| 555 4th Street, N.W., ) | |
| Washington D.C. 20001 ) | |
| ) | |
| **SERVE:** ) | |
| ) | |
| **TIMOTHY J SHEA** ) | |
| **United States Attorney for the** ) | |
| **District of Columbia** ) | |
| 555 4th Street, N.W., Room 5806 ) | |
| Washington D.C. 20001 ) | |
| ) | |
| **And** ) | |
| ) | |
| **DONALD GREULICH** ) | |
| **U.S. Park Police** ) | |
| **Headquarters** ) | |
| 1100 Ohio Drive, S.W., ) | |
| Washington D.C. 20242 ) | |
| ) | |
| **And** ) | |
| ) | |
| **OTHER UNNAMED J. DOE OFFICERS** ) | |
| **US PARK POLICE** ) | |
| **Headquarters** ) | |
| 1100 Ohio Drive, S.W., ) | |

1

| | |
|---|---|
| **Washington D.C. 20242** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, Timothy Cox and John Davis, by and through their attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against Defendants, United States of America, Donald Greulich and other Unnamed Park Police Officers and alleges the following:

### INTRODUCTION

1. On March 27, 2016 into the morning hours of March 28, 2016, Plaintiff, Timothy Cox (hereinafter referred to as 'Cox') and Plaintiff, John Davis (hereinafter referred to as 'Davis') were traveling to 3019 9th Street, S.E., Washington D.C. 20032, Plaintiff Cox's sister's home. Upon arriving at the location and before exiting the vehicle, Defendant Donald Greulich (hereinafter referred to as 'Greulich') executed a stop of the Plaintiffs. During the stop, Plaintiffs were assaulted by Defendant Greulich causing significant injury to their person. The actions of Defendant Greulich were unwarranted, unnecessary, excessive and without justification and in violation of the Plaintiffs' fourth amendment rights.

### JURISDICTION AND VENUE

2. This is an action for damages for unlawful violations of the Plaintiffs' civil rights under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388; 91 S.Ct. 1999; 29 L.Ed. 2d 619 (1971), Fourth Amendment of the U.S. Constitution, and 28 U.S.C.A. §§ 1346(b), 2671, *et seq.* ("Federal Torts Claim Act"), and 28 U.S.C.A. § 2680.

3. Jurisdiction is proper under 28 U.S.C.A. § 1331.

4. Venue is proper under 28 U.S.C.A. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in the judicial district of the District of Columbia.

5. The United States Department of the Interior was placed on proper notice by being served with the claim on March 27, 2018 pursuant to <u>McNeil v. United States</u>, 508 U.S. 106, 133 S. Ct. 1980 (1993); 28 U.S.C. § 2675.

6. The United States Department of the Interior denied the claim by letter dated February 5, 2020. <u>See Exhibit 1.</u>

## PARTIES

7. Plaintiff Cox is a citizen of the United States and resident of the District of Columbia who resides at 600 H Street, N.E., Apt # 443, Washington D.C. 20002.

8. Plaintiff Davis is a citizen of the United States and resident of the District of Columbia who resides at 920 19th Street, N.E., # 3, Washington D.C. 20002.

9. Defendant United States of America, at all times relevant hereto, was the employer of and responsible for the hiring, training, supervision and retention of all United States Park Police.

10. Defendant Greulich is a United States Park Police officer employed by Defendant United States who was at all times relevant hereto acting within the scope of his employment and under the color of federal law.

11. In addition to the named Defendant, unknown employees of the U.S. Park Police are sued herein in their individual and official capacities under the fictitious names of J. Doe Officers because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to the Plaintiffs at this time. When Plaintiff ascertains this information, they

will amend this Complaint accordingly. The Unnamed J. Doe Officers are or were at all times mentioned herein employees of the U.S. Park Police. Upon information and belief, Unnamed J. Doe Officers are legally liable to the Plaintiffs.

## FACTS

12. Events relevant hereto occurred on March 28, 2016 at or about 12:39 am.

13. Events relevant hereto occurred in and around 3019 9th Street, S.E., Washington D.C. 20032.

14. At the relevant date and time, Plaintiff Cox was a front seat passenger in a vehicle operated by Plaintiff Davis.

15. Plaintiff Davis brought the vehicle to a stop in front of the residence located at 3019 9th Street, S.E., Washington D.C. 20032.

16. At the relevant date and time, Plaintiff Cox's sister resided at the residence located at 3019 9th Street, S.E., Washington D.C. 20032.

17. Upon stopping in front of the residence located at 3019 9th Street, S.E., Washington D.C. 20032, Defendant Greulich stopped behind the vehicle operated by Plaintiff Davis and approached the driver's side of the vehicle.

18. Defendant Greulich ordered Plaintiff Davis out of the vehicle. Plaintiff Davis complied with Defendant Greulich's order.

19. Upon Plaintiff Davis exiting the vehicle, Defendant Greulich made homophobic slurs directed towards Plaintiff Davis and Plaintiff Cox, including saying to the Plaintiffs 'what the fuck are you doing inside there?'

20. Once Plaintiff Davis was out of the vehicle, Defendant Greulich, without any justification began placing Plaintiff Davis under arrest. In doing so, Defendant Greulich executed

a tactical take down of Plaintiff Davis which resulted in Plaintiff Davis having his shoulder and face slammed into the ground.

21. Defendant Greulich placed his knee in the back of Plaintiff Davis and began placing him in handcuffs. Defendant Greulich placed one of Plaintiff Davis' hands in handcuffs without incident. While Defendant Greulich was placing Plaintiff Davis' second hand in handcuffs, Plaintiff Davis stated that his shoulder was in pain and that he could not move his arm.

22. Plaintiff Davis' shoulder was injured when he was slammed to the ground by Defednant Greulich.

23. Upon Plaintiff Davis stating that he could not move his arm, Defendant Greulich raised from the back of Plaintiff Davis, removed his taser, and discharged his taser into the back of Plaintiff Davis. Defendant Greulich discharged his taser multiple times into the back of Plaintiff Davis rendering him unconscious.

24. At the time that Defendant Greulich discharged his taser he did so as Plaintiff Davis lay face down on the ground and defenseless.

25. During the interaction between Defendant Greulich and Plaintiff Davis, Plaintiff Cox sat in the front seat of the vehicle.

26. Upon observing Defendant Greulich tase Plaintiff Davis, Plaintiff Cox, afraid for his safety, exited the vehicle and ran to the front door of the residence located at 3019 9th Street, S.E., Washington D.C. 20032 and began hitting the door and screaming for someone to open the door.

27. Plaintiff Cox was able to enter the residence and hid in a bedroom inside of the residence.

28. Defendant Greulich, after placing the handcuffs on an unconscious Plaintiff Davis, approached the residence and entered in search of Plaintiff Cox.

29. Defendant Greulich located Plaintiff Cox in the bedroom and attempted to remove him from the room. In doing so, Defendant Greulich struck Plaintiff Cox on the head and face with an object multiple times causing injury to his head and eye.

30. At the time of the incident, Plaintiff Cox did not possess a weapon nor did he present a danger of any sort to Defendant Greulich or anyone else.

31. At the time of the incident, Plaintiff Davis did not possess a weapon nor did he present a danger of any sort to Defendant Greulich or anyone else.

32. At no point during the occurrence did Plaintiff Cox assault of batter Defendant Greulich.

33. At no point during the occurrence did Plaintiff Davis assault or batter Defendant Greulick.

34. As Defendant Greulick assaulted Plaintiffs Cox and Davis, other Park Police officers were present, observed the actions but failed to take any action to stop the assault.

35. At all times relevant hereto, the Constitution of the United States of America, Amendment IV, ("Fourth Amendment") provided, in pertinent part, "[t]he right of the people to be secure their persons … against unreasonable searches and seizures…"

36. At all times relevant hereto, Defendant Greulich and the United States had a duty under the Fourth Amendment of the United States Constitution to refrain from the use of excessive force in investigating any criminal offense the Plaintiffs may have been guilty of and in taking the Plaintiffs into custody.

37. At all times relevant hereto, the United States Park Police policy mandated that minimal force be used to effectuate arrests.

38. At all times relevant hereto, the United States Park Police policy mandated that the use of force be objectively reasonable.

39. No reasonable United States Park Police officer could have believed that there was a need to strike Plaintiff Cox with an object on his head and face.

40. No reasonable United States Park Police officer could have believed that there was a need to tactically take down Plaintiff Davis, slamming him to the ground and tase him while he lay face down on the ground.

41. Plaintiff Cox suffered significant physical and emotional injury as a result of the actions of Defendant Greulich and the United States.

42. Plaintiff Davis suffered significant physical and emotional injury as a result of the actions of Defendant Greulich and the United States.

**COUNT 1 – CLAIM FOR DAMAGES PURSUANT TO <u>BIVENS</u>**
**(Cox v. Greulich and Other Unnamed J. Doe Officers)**

43. Plaintiff Cox incorporates by reference the allegations contained in paragraphs 1 – 42.

44. Defendant Greulich, at all times relevant hereto, was acting under the color of federal law in his capacity as United States Park Police and his acts or omissions was conducted within the scope of his duties or employment.

45. Plaintiff Cox did not engage in any criminal conduct.

46. Plaintiff Cox was not a threat to the safety of Defendant Greulich, himself or others.

47. Plaintiff Cox did not resist or evade at the time that the excessive force was used by Defendant Greulich.

48. Plaintiff Cox had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

49. Any reasonable U.S. park police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

50. Defendant Greulich's actions and use of force, as described herein, was objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiff Cox.

51. Defendant Greulich's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by Defendant Greulich shocked the conscience and violated the Plaintiff Cox's rights under the Fourth Amendment to the Constitution of the United States.

52. Defendant Greulich unlawfully seized Plaintiff Cox by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff Cox of his freedom.

53. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

54. Defendant Greulich engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff Cox's federally protected constitutional rights.

55. Defendant Greulich did so with shocking and willful indifference to Plaintiff Cox's rights and his conscious awareness that he would cause Plaintiff Cox severe physical and emotional injuries.

56. The acts or omissions of Defendant Greulich was the moving force behind the Plaintiff's injuries.

57. The acts and omissions of Defendant Greulich as described herein intentionally deprived Plaintiff Cox of his constitutional rights and caused him other damages.

58. Defendant Greulich by means of physical force and show of authority complained of herein, restrained the liberty of Plaintiff Cox.

59. Given the circumstances, no reasonable person in Plaintiff Cox's position would have believed himself free to leave.

60. Plaintiff Cox submitted to the authority of the Defendant Greulich.

61. Defendant Greulich as a federal government official intentionally applied means to terminate Plaintiff Cox's freedom of movement.

62. Other unnamed J. Doe Officers were present and observed the actions of Defendant Greulich. Despite observing the actions of Defendant Greulich, the other unnamed J. Doe Officers took no steps to protect the Plaintiff and/or stop Defendant Greulich's actions.

63. Defendant Greulich and other Unnamed J. Doe Officers are not entitled to qualified immunity for the complained of conduct.

64. As a direct and proximate result of Defendant Greulich actions, Plaintiff Cox suffered physical injury and was forced to endure great physical pain and mental suffering and continues to suffer serious permanent and painful injury.

65. WHEREFORE, Plaintiff Cox demands judgment against Defendant Greulich in the sum of $500,000, and such other and further relief as the Court may deem just and proper.

**COUNT 2 – CLAIMS FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT, INCLUDING BATTERY AND ASSAULT**
**(Cox v. United States of America)**

66. Plaintiff Cox incorporates by reference the allegations contained in paragraphs 1 - 64.

67. Plaintiff Cox alleges under the Federal Tort Claims Act, the Defendant United States of America is liable for the above described actions of the individual Defendant as he was acting as a law enforcement official and within the scope of his employment at the time of the occurrence. Further, a private person would be liable to the Plaintiff under the laws of the District of Columbia for the tortious acts set forth in this Complaint.

68. WHEREFORE, Plaintiff demands judgment against Defendant United States of America in the sum of $500,000 and such other and further relief as the Court may deem just and proper.

### COUNT 3 – CLAIMS FOR DAMAGES PURSUANT TO BIVENS
(Davis v. Greulich and Other Unnamed J. Doe Officers)

69. Plaintiff Davis incorporates by reference the allegations contained in paragraphs 1 – 68.

70. Defendant Greulich, at all times relevant hereto, was acting under the color of federal law in his capacity as United States Park Police officer and his acts or omissions were conducted with the scope of his official duties and employment.

71. Plaintiff Davis did not engage in any criminal conduct.

72. Plaintiff Davis was not a threat to the safety of Defendant Greulich, himself or others.

73. Plaintiff Davis did not resist or evade at the time that the excessive force was used by Defendant Greulich.

74. Plaintiff Davis had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

75. Any reasonable United States Park Police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

76. Defendant Greulich's actions and use of force, as described herein, was objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

77. Defendant Greulich's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff Davis' federally protected rights. The force used by Defendant Greulich shocked the conscience and violated Plaintiff Davis' rights under the Fourth Amendment of the Constitution of the United States.

78. Defendant Greulich unlawfully seized Plaintiff Davis by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff Davis of his freedom.

79. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

80. Defendant Greulich engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff Davis' federally protected constitutional rights.

81. Defendant Greulich did so with shocking and willful indifference to Plaintiff Davis' rights and his conscious awareness that they would cause Plaintiff Davis severe physical and emotional injuries.

82. The acts and omissions of Defendant Greulich was the moving force behind Plaintiff Davis' injuries.

83. The acts and omissions of Defendant Greulich as described herein intentionally deprived Plaintiff Davis of his constitutional rights and caused him other damages.

84. Defendant Greulich by means of physical force and show of authority complained of herein, restrained the liberty of Plaintiff Davis.

85. Given the circumstances, no reasonable person in Plaintiff Davis' position would have believed himself free to leave.

86. Plaintiff Davis submitted to the authority of Defendant Greulich.

87. Defendant Greulich as federal government officials intentionally applied means to terminate Plaintiff Davis' freedom of movement.

88. Other unnamed J. Doe Officers were present and observed the actions of Defendant Greulich. Despite observing the actions of Defendant Greulich, the other unnamed J. Doe Officers took no steps to protect the Plaintiff and/or stop Defendant Greulich's actions.

89. Defendant Greulich and the Other Unnamed J. Doe Officers are not entitled to qualified immunity for the complained of conduct.

90. As a direct and proximate result of Defendant Greulich's actions, Plaintiff Davis suffered physical injury, and was forced to endure great physical pain and mental suffering and continues to suffer serious permanent and painful injury.

91. WHEREFORE, Plaintiff Davis demands judgment against Defendant Greulich in the sum of $500,000 and such other and further relief as the Court may deem just and proper.

**COUNT 4 – CLAIMS FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT, INCLUDING BATTERY AND ASSAULT**
**(Davis v. United States of America)**

92. Plaintiff Davis incorporates by reference the allegations contained in paragraphs 1 – 91.

93. Plaintiff Davis alleges that under the Federal Tort Claims Act, the Defendant United States of America is liable for the above-described actions of Defendant Davis as Defendant Greulich was acting as a law enforcement official and within the scope of his employment at the time of the occurrence. Further, a private person would be liable to Plaintiff Davis under the laws of the District of Columbia for the tortious acts set forth in this Complaint.

94. WHEREFORE, Plaintiff Davis demands judgment against Defendant United States of America in the sum of $500,000, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

95. Plaintiff Cox demands a trial by jury in this matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1001 L Street, S.E.,
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004